UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORINNE E. WALSH, on behalf of herself and the classes defined herein, ) | |
| ) | 10 C 6829 |
| Plaintiff, ) | |
| ) | Judge Feinerman |
| vs. ) | |
| ) | |
| ARROW FINANCIAL SERVICES, LLC, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Corinne Walsh brought this putative class action against Defendants Arrow Financial Services, LLC, and Blatt, Hasenmiller, Leibsker, & Moore, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Arrow and Blatt have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is granted, and the case is dismissed with prejudice.

**Background**

The well-pleaded facts alleged in Walsh's complaint are assumed true on a Rule 12(b)(6) motion. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Also pertinent at the Rule 12(b)(6) stage are exhibits attached to the complaint, *see* Fed. R. Civ. P. 10(c); *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004), and exhibits attached to the parties' briefs that are "referred to" in the complaint and "central to [the plaintiff's] claim," *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (collecting cases). In addition, orders entered and filings made in

-1-

this and other courts are subject to judicial notice on a Rule 12(b)(6) motion. *See Cancer*

*Found., Inc. v. Cerberus Capital Mgmt. LP*, 559 F.3d 671, 676 n.2 (7th Cir. 2009); *United States*

*v. Stevens*, 500 F.3d 625, 628 n.4 (7th Cir. 2007). To the extent an exhibit or a judicially noticed

court document contradicts the complaint's allegations, the exhibit or court document takes

precedence. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). The

following facts are stated as favorably to Walsh as permitted by the complaint and other

materials that may be considered on a Rule 12(b)(6) motion.

Arrow, with Blatt as its counsel, sued Walsh in Illinois state court to collect a $1752.93

debt that Walsh allegedly incurred on a charge account at Washington Mutual. Doc. 1-1.

Attached to the state court complaint was an affidavit from Deloris McGee, an "employee/agent"

of Arrow, attesting to Walsh's indebtedness. The affidavit averred in relevant part:

> The undersigned being duly sworn deposes and states that he/she is an
> employee/agent of Arrow Financial Services, LLC and has knowledge of
> the account balance, and is duly authorized to make this affidavit.
>
> Affiant states that *the amounts shown below are taken/calculated from the*
> *original books and records of the above named plaintiff as well as from*
> *information provided to Arrow Financial Services, LLC by WASHINGTON*
> *MUTUAL*, and based on information and belief, affiant states that the
> amount due to Arrow Financial Services, LLC by CORINNE WALSH
>
> for funds advanced to defendants(s) or paid to another at defendant(s)
> request, or for goods or services provided to defendant(s) or to another at
> defendant's request, is the following on the following account(s) as of 03-
> 01-10:
>
> CREDITOR/ACCOUNT NUMBER          CURRENT BALANCE
>
> ARROW FINANCIAL SERVICES, LLC          $1,752.93
>
> Affiant states that the amount shown above is true and correct to the best of
> his/her knowledge. Further affiant sayeth not.

*Id*. at 4 (emphasis added).  Arrow's complaint had no other attachments.  Walsh moved to

dismiss due to Arrow's failure to comply with Illinois Supreme Court Rule 282(a), which

provides that "[i]f the claim is based upon a written instrument, a copy thereof or of so much of

it as is relevant must be copied in or attached to the original and all copies of the complaint,

unless the plaintiff attaches to the complaint an affidavit stating facts showing that the

instrument is unavailable to him."  Doc. 19-2.  Five days later, the court entered an agreed order

granting Arrow's motion to voluntarily dismiss its case without prejudice.  Doc. 19-3.

Three days after the dismissal, Walsh (represented by her state court attorney) brought

this federal suit.  Attached to Walsh's federal complaint is Arrow's state court complaint,

including the McGee affidavit.  Doc. 1-1.  Walsh attempts to articulate two FDCPA claims.  The

first alleges that Arrow's state court complaint failed to attach the written instrument upon which

Walsh's alleged debt was based, as required by Illinois Supreme Court Rule 282(a) and the

similarly worded 735 ILCS 5/2-606.  Doc. 1 at ¶¶ 2(a), 22-23.  The second claim alleges that the

McGee affidavit falsely averred that McGee had "sufficient knowledge of the subject account to

provide the affidavit" and "sufficient knowledge to claim that the amounts noted in the

complaint were taken from original books and records."  *Id*. at ¶ 2(b)-(c).  In moving to dismiss,

Arrow and Blatt contend that neither claim is viable under the FDCPA.

## Discussion

Congress enacted the FDCPA to eliminate abusive debt collection practices, to protect

debt collectors who abstain from abusive practices, and to promote consistency in consumer

protection litigation.  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct.

1605, 1608 (2010).  Among other things, the FDCPA prohibits a debt collector—a term that

encompasses both Arrow and Blatt—from engaging "in any conduct the natural consequence of

which is to harass, oppress, or abuse," 15 U.S.C. § 1692d, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, from making a "false representation" regarding "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and from employing "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The statute also requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall" provide the consumer with a written notice reflecting, among other things, the debt's amount and the creditor's name. 15 U.S.C. § 1692g(a). The FDCPA "is limited to protecting consumers and those who have a special relationship with the consumer … from statements that would mislead these consumers"; its "protections do not extend to communications that could mislead" anybody else, including courts and judges. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943-44 (7th Cir. 2011).

### A.     Failure to Attach Written Instrument to State Court Complaint

Walsh's first claim rests on the premise that a debt collector violates the FDCPA by filing a state court complaint that fails to comply with state procedural rules (here, Illinois Supreme Court Rule 282(a) and 735 ILCS 5/2-606) requiring that certain documents be attached to the complaint. Defendants argue that because Illinois law understands credit card debts to be based upon unwritten agreements, Arrow's state court complaint could not have violated procedural rules that presuppose the existence of a written instrument. Doc. 19 at 3. Alternatively, Defendants argue that *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), forecloses the use of FDCPA litigation to enforce purely formal state procedural rules like Illinois Supreme Court Rule 282(a) and 735 ILCS 5/2-606. Doc. 19 at 3-4; *see Krawczyk v. Centurion Capital Corp.*, 2009 WL 395458, at *9-10 (N.D. Ill. Feb. 18, 2009)

(dismissing an FDCPA claim resting on the allegation that the debt collector failed to attach the credit card contract to its state court complaint).

In her opposition brief, Walsh focuses exclusively on her second FDCPA claim, altogether ignoring her first claim. Doc. 32. Walsh does not address Arrow's contention that credit card debts are based on unwritten agreements. More significantly, Walsh's brief does not even *mention* Illinois Supreme Court Rule 282(a) or 735 ILCS 5/2-606, the state provisions whose violation lies at the heart of her first claim. When "presented with a motion to dismiss, the non-moving party must proffer some legal basis to support h[er] cause of action," as federal courts "will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citation omitted); *see also Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 817-18 (7th Cir. 2006) (same). Walsh's failure to reference, let alone defend, her first claim operates as an abandonment of that claim and a forfeiture of any argument opposing dismissal. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiffs] have done here—results in waiver."); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (a party's failure to oppose an argument permits an inference of acquiescence, and "acquiescence operates as a waiver"). Accordingly, the court dismisses with prejudice Walsh's claim that the Defendants violated the FDCPA by failing to comply with purely formal state procedural rules requiring them to attach certain documents to Arrow's state court complaint.

### B.    Allegedly False Affidavit

Walsh's second claim alleges that the affidavit attached to Arrow's state court complaint was false. Walsh does not allege that McGee made false averments about the debt *itself*—that the creditor was Arrow, that the debtor was Walsh, or that the debt's amount was $1752.93. Instead, the complaint focuses on whether McGee actually knew the facts to which she swore; it alleges that McGee, contrary to her affidavit, had neither "sufficient knowledge of [Walsh's] account to provide the affidavit" nor "sufficient knowledge to claim that the amounts noted in the complaint were taken from original books and records." Doc. 1 at ¶ 2(b)-(c).

Defendants argue that this claim does not have sufficient meat to satisfy *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), because it "fails to provide any *facts* to support that allegation, and contorts and misrepresents the actual language of the [McGee] affidavit." Doc. 34 at 3. Walsh contends that the complaint provides all that *Iqbal* and *Twombly* require. In support, she points to ¶ 25 of the complaint, which alleges that "[c]ounsel for Walsh requested the written instruments supporting the state claim," that "[i]nstead of providing the written instruments, Defendants repeatedly requested a compromise payment of the alleged debt," and that "Defendants never provided the written instruments supporting the state claim." Doc. 1 at ¶ 25. Walsh's complaint makes clear that the term "written instrument" means the contract between Washington Mutual (the original creditor) and Walsh. *Id.* at ¶¶ 2(a), 15, 18-19, 21-24. Walsh's opposition brief, in turn, makes clear that the second FDCPA claim is grounded on the premise that McGee averred that she had reviewed that contract and other "books and records" from Washington Mutual before executing the affidavit. Doc. 32 at 2 ("In fact, at the time the Affidavit was executed, Defendants had not even attempted to acquire the documents from the original creditor."), 2 n.2 (referring to Walsh's counsel's

-6-

request for documents "from the original creditor"), 3-4 ("The affidavit that was attached to the state court complaint was designed to deceive the consumer (and presumably the state court) that the Defendants had sufficient knowledge and sufficient written instruments to form the basis for the facts alleged regarding the debt, and that that knowledge was acquired from the books and records of the original creditor."). Hence the significance of ¶ 25 of Walsh's complaint—the allegation that Defendants refused to provide Walsh's counsel with "the written instruments supporting the state claim" plausibly suggests that Defendants did not have those instruments, and if Defendants did not have those instruments, then McGee could not have reviewed them before executing her affidavit.

It is open to question whether Walsh would have had a viable FDCPA claim if the affidavit actually averred that McGee had reviewed the "written instruments" and other "books and records" from Washington Mutual in determining the nature and amount of Walsh's alleged debt. *See Rosales v. Unifund CCR Partners*, 2008 WL 5156681, at *2 (N.D. Ill. Dec. 5, 2008) (dismissing an FDCPA claim resting on the allegation that the debt collector's state court affiant falsely swore that she had "personal knowledge" regarding the federal plaintiff's debt). There is no need to face that question here because the McGee affidavit made no such averment. The affidavit states, in pertinent part, that McGee obtained knowledge of Walsh's alleged debt from two sources: "[1] from the original books and records of the above named plaintiff as well as [2] from information provided to Arrow Financial Services, LLC by WASHINGTON MUTUAL." Doc. 1-1 at 4. The first source consists of "the original books and records of the above named plaintiff," with the "above named plaintiff" being *Arrow*, not Washington Mutual, as it was Arrow that filed the state court suit. The second source consists of "information provided to Arrow … by WASHINGTON MUTUAL"—not *books and records*, but *information*, which

could have been provided to Arrow by any number of means (telephone, email, meeting, letter) aside from books and records.

Contrary to Walsh's apparent understanding, then, McGee did not aver that she reviewed Walsh's contract with Washington Mutual (assuming it exists in written form) or Washington Mutual's "books and records" before executing her affidavit. By its plain terms, the affidavit conclusively defeats the premise underlying Walsh's second claim. *See Forrest*, 507 F.3d at 541-42; *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006) ("[A] party may plead itself out of court by either including factual allegations that establish an impenetrable defense to its claims or by attaching exhibits that establish the same. Here, the plaintiffs have done both.") (citation omitted); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) ("The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material.") (quoting 5 Wright & Miller, *Federal Practice & Procedure* § 1327, at 766 (1990)). And by failing to argue in her opposition brief that the second claim can proceed on the ground that McGee lied about what she actually said in the affidavit—that she reviewed *Arrow's* books and records and *information* from Washington Mutual before executing the affidavit—Walsh forfeited any such argument. *See Stransky*, 51 F.3d at 1335. It follows that the second claim should be dismissed.

**Conclusion**

For these reasons, the motion to dismiss is granted, and this case is dismissed with prejudice. Judgment is granted in favor of Arrow and Blatt and against Walsh.

January 27, 2012

_____
United States District Judge